UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE COBB, an individual,

    Plaintiff,

v.                                                             Case No. 3:19-cv-897-J-39JRK

MONSANTO COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated this action on August 1, 2019, by filing a five-count Complaint. (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count incorporates all the allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland, 792 F.3d at 1321, 1324 ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)) (collecting cases); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to

replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

The Court also notes that the Federal pleading rules call for "'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" Johnson v. City of Shelby, Miss., 574 U.S. 10 (2014) (quoting Federal Rule of Civil Procedure 8(a)(2)). Plaintiff's Complaint spans 33 substantive pages and can be categorized as neither short nor plain. The Complaint's lack of brevity cannot be justified when nearly a dozen pages are spent describing scientific studies, federal statutes, and superfluous background facts which are not needed for Plaintiff to plead her case. (See, e.g., Complaint ¶ 4.10 ("Roundup was introduced in 1974 and is today one of the world's most widely-used herbicides. . . ."); see also Complaint ¶ 5.2 ("The EPA requires a variety of tests as part of the registration process to evaluate the potential for exposure to pesticides, toxicity to people and other potential non-target organisms, and other adverse effects on the environment. Registration by the EPA, however, is not an assurance or finding of safety. . . ."). The toll exacted upon the Court and Defendant by Plaintiff's failure to plead this case in a short and plain statement is compounded by the Complaint's shotgun nature.

Accordingly, after due consideration, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order no later than **August 28, 2019**. Failure to do so may result in dismissal of this action.

**DONE** and **ORDERED** in Jacksonville, Florida this 14th day of August, 2019.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record